## STATE ex rel. BASS v. PULLIAM, City Clerk, et al.

No. 24948. Sept. 19, 1933.

Keaton, Wells, Johnston & Barnes and Walter Marlin, for petitioners.

Harlan T. Deupree, Municipal Counselor, for respondents.

RILEY, C. J. On August 17, 1933, petitioner, on behalf of himself and 10,610 other petitioners, commenced this action for mandamus against J. J. Pulliam, city clerk of Oklahoma City.

It is alleged that the city of Oklahoma City is governed by a charter form of government wherein a recall provision is made; that on July 28, 1933, plaintiff filed with said city clerk two recall petitions containing, respectively, 10,611 signatures, for the recall of C. J. Blinn, mayor of said city, and 10,593 signatures for the recall of A. H. Jacoby, councilman of ward 3 of said city. That said petitions were in proper form, duly filed, and of sufficient number of valid signatures to require the calling of an election for submission of the question of the removal from office of said officials. It is alleged that 17,749 was the highest number of votes cast at the last preceding general election in said city, and 6,213 valid signatures of such electors is the number required for a recall election; that under article 6, charter of Oklahoma City, it is the duty of the city clerk to receive and file such petitions for recall of elective officials, and within ten days of the date of such filing of such petition to ascertain whether a sufficient total number of signatures of qualified electors appear upon such petitions, by checking the same with the last registration list, and that if the petition or petitions are found sufficient, to certify such fact to the city council, and if said petition or petitions are found to be insufficient, ten days shall be given for filing additional petitions, which shall be acted upon in the same manner by said clerk within ten days thereafter.

It is alleged that said Pulliam failed within said ten days period to pass upon the sufficiency of said petitions, but that he, the said city clerk, long after the elapse of said ten day period, assumed to conduct pretended hearings upon collateral issues, as, for example, whether or not signers of the petition were induced to sign said petitions by false or fraudulent representations.

On August 18, 1933, a hearing was had before this court. It was thereupon agreed that respondent, city clerk, would within five days make and publish his findings as to the sufficiency or insufficiency of said petitions. On August 23, 1933, the said respondent certified, with respect to the Blinn recall petition:

"August 23, 1933.

"The Mayor and Council of the City of Oklahoma City,

"J. J. Pulliam, City Clerk,

"C. J. Blinn Recall Petitions.

"This is to certify that recall petitions were filed with me on Friday, July 28, 1933.

"Under and by virtue of the provisions of the charter of this city, being article 6 thereof, I have proceeded with the examination of said petitions, and in connection therewith I have examined same from the

official registration list and have also taken evidence at a special hearing, after having given full notice to all parties interested therein, and from said examination and evidence I find as follows:

"1. Total names on petitions ____10,637

"2. Total vote—last general city election _____20,686

"3. Number required upon petitions 7,241

"4. Registered voters on petitions __ 4,604

"5. Petitions circulated by registered circulators ____ 858

"6. Petitions circulated by circulator who did not sign petition _____ 277

"7. Names withdrawn _____ 246

"8. Number deducted where same person signed more than one name _____ 19

"9. Number where names signed in same handwriting _____ 43

"10. Number where names obtained by fraud or misrepresentation _____ 76

"11. Number deducted where party signing affidavit did not circulate petition ____ 24

"12. Number deducted where two different parties circulated same petition and affidavit insufficient _____ 34

"13. Total number deducted _____ 1,607

"Total signatures necessary _____ 7,241

"Total registered _____ 4,604
"Total deducted _____ 1,607

"Signatures counted _____ 2,997  2,997

"Number insufficient on petitions ____ 4,244

"I, therefore, find that petitions for recall of C. J. Blinn, mayor, insufficient.

"Witness my hand this 23rd day of August, 1933.

"J. J. Pulliam, City Clerk."

And as to the Jacoby recall petition:

"August 23, 1933.

"The Mayor and Council of the City of Oklahoma City.

"J. J. Pulliam, City Clerk.

"A. H. Jacoby, Recall Petitions

"Certificate

"This is to certify that recall petitions were filed with me on Friday, July 28, 1933.

"Under and by virtue of the provisions of the charter of the city, being article 6 thereof, I have proceeded with the examination of said petitions, and in connection therewith I have examined same from the official registration list and have also taken evidence at a special hearing, after having given full notice to all parties interested therein, and from said examination and evidence I find as follows:

"1. Total names on petition _____10,568

"2. Total vote—last general city election _____20,686

"3. Number required on petitions__ 7,241

"4. Registered voters on petitions __ 4,517

"5. Petitions circulated by nonregistered circulators ____ 811

"6. Petitions circulated by circulator who did not sign petition _____ 194

"7. Names withdrawn _____ 239

"8. Number deducted where same person signed more than one name _____ 39

"9. Number where names signed in same handwriting _____ 43

"10. Number where names obtained by fraud or misrepresentation _____ 76

"11. Number deducted where party signing affidavit did not circulate petition _____ 36

"12. Number deducted where two different parties circulated same petition and affidavit insufficient _____ 34

"13. Total number deducted ____1,472

"Summary.

"Total signatures necessary __ 7,241

"Total registered _____4,517

"Total deducted _____1,472

"Signatures counted _____3,045  3,045

"Number insufficient on petitions _____ 4,196

"I, therefore, find that petitions for the recall of A. H. Jacoby, councilman, insufficient.

"Witness my hand this 23rd day of August, 1933.

"J. J. Pulliam
"City Clerk."

On August 29, 1933, petitioner filed an amended and supplemental petition wherein he alleged that the findings of the respondent clerk in reference to these petitions were erroneous in that:

(1) A check was not made with the registration lists of the voters of Oklahoma City as required by section 3, art. 6, charter, Oklahoma City.

(2) That respondent was not authorized

**72**

to permit withdrawals of names from said petitions.

(3) That respondent was not empowered to conduct hearings upon said petitions.

(4) That authority to make examinations of said recall petitions ceased with the expiration of ten days from the filing of said petitions.

(5) That if said recall petitions had been accurately checked against the list of registered voters, as required by the Oklahoma City charter, such check would have disclosed a sufficient number of signatures on each of said recall petitions.

(6) Capricious, arbitrary, and fraudulent action is alleged as to the conduct of said city clerk.

On September 5, 1933, a hearing was held before this court. It appeared that J. J. Pulliam had resigned as city clerk on or about September 2, 1933, that Mike Peshek has been appointed to said office, and has assumed the duties incident thereto. By direction of court the latter was made a party to this action. It was then alleged by petitioner that J. J. Pulliam had, when acting as city clerk, deliberately, wrongfully, and illegally struck from said recall petitions as unregistered more than 3,000 names of legally registered and otherwise qualified voters of said city, and that the said names so wrongfully deducted, when properly counted and added to the 4,604 names counted by said defendant, would make a total of more than 7,241 valid signatures of qualified persons necessary to sustain said recall petitions. And that subsequent to August 23, 1933, the date of the announcement and promulgation of the finding of Mr. Pulliam as to the insufficiency of these petitions, the said Pulliam and other city officials wrongfully and illegally refused to permit the circulators of said recall petitions or any other elector of said city to have access to said petitions and the purported checks made thereon for the wrongful purpose of preventing the qualified electors of Oklahoma City from voting on said recall petitions.

An alternative writ of mandamus was issued out of this court on the 5th day of September and directed to Mike Peshek (substituted by order of this court for J. J. Pulliam), city clerk of Oklahoma City, commanding that within ten days from date of service of said writ, the said city clerk certify to the city council of said city the sufficiency of each of said recall petitions

involved herein or show cause for failure so to do.

On September 14th, J. J. Pulliam filed an answer herein denying that he acted capriciously, arbitrarily, or fraudulently in his check of the petitions involved herein. He pleads that it was physically impossible for him, without assistance, to make a check of said petitions within the time allowed by the city charter; that when finally afforded by the city manager some assistance, he checked the recall petitions against **a certified registration list** filed with the county clerk of Oklahoma county; that precinct books showing registered voters of said city were not available to said clerk "and that **it would have been a physical impossibility for this defendant to have gone** to the individual precinct registrars and check such petition in the time allowed by this court. (The defendant alleges that the check was made on good faith and that the certificate is correct.)

On September 16, 1933, Mike Peshek, Jr., city clerk of the city of Oklahoma City, for partial return to the alternative writ of mandamus served upon him September 6, 1933, stated under oath, upon written return:

(1) That he has proceeded with the examination of the recall petitions and had been checking the signatures thereon against the registration lists which he has been advised are the last registration lists required under section 3, art. 6, of the city charter.

(2) That respondent has been unable to determine the exact procedure by which he should be governed in this matter, but that up to and including September 15, 1933, he has been able to ascertain certain facts with reference to the signatures on said petitions. A copy of a compilation of said facts is furnished:

"Sept. 6, 1933 — Started checking Mayor C. J. Blinn recall petitions, using six deputies.

"Signatures checked up to and including Sept. 15, 1933, on Mayor C. J. Blinn recall petitions _____ 1,549

"Found registered _____ 784

"Signatures undetermined and subject to further investigation ____ 765

"Sept. 6, 1933 — Started checking Councilman A. H. Jacoby recall petitions using six deputies.

"Signatures checked up to and including Sept. 15, 1933, on Councilman A. H. Jacoby petitions _____ 1,539

"Found registered _____ 763

"Signatures undetermined and subject to further investigation ___ 776"

The respondent pleads further that he has been as diligent as possible, but that he has been unable to complete said check; that he believes it will take approximately 90 days to complete said inquiry. He suggests the appointment of a referee herein for the purpose of "supervising or making said check, or taking such action as to the court may seem fit in the premises".

The prayer of the respondent is that the court take such action as it may deem fit in the premises; that in event the court refuses to appoint a referee and determines that respondent continue .his examination that he be granted an extension of 90 days within which to perform said work, and that the court direct the manner of performance.

The initiative, referendum, and recall provisions of law are features of a progressive government. These features were intended to safeguard to the principal, the people, an effective check and control over officeholders, mere agents and representatives of the people.

Presumption of legality attends the action of every individual.

The ten days' time in which the ministerial officer, the clerk, might investigate and determine the legality or illegality of such petitions was deemed by the fundamental law of the city to be a reasonable time. Herein that officer failed to begin a check within said time. On the other hand, he deemed the time provided by charter to be directory and not mandatory. However, it appears that he construed his duty prescribed by charter strictly, relative to the particular list of registered voters against which he should check the petitions. He did not check against the registration books of voters held by precinct registrars.

To permit such delay as here involved, (1) by hearings upon collateral matters by the ministerial officer, (2) by a change in personnel of the office of clerk, and (3) by an alleged lack of knowledge of procedure on the part of the clerk, would be to defeat the object and purpose of a recall provision of the basic law, which basic law all of the officials of the city are sworn to uphold and defend.

We, therefore, hold that after the elapse of ten days from the time of the filing of these petitions with the city clerk of Oklahoma City, to wit, July 28, 1933, the presumption of validity of the signatures within the petitions contained became a verity. The signatures upon each petition so considered valid were in sufficient number to warrant a certificate of validity as to each petition by said city clerk to the city council as provided by the charter of said city. Otherwise, the presumption and intendment of the fundamental law of the city that the people rule becomes an empty platitude and not a fact.

Many emergencies might arise wherein the principal, the people of Oklahoma City, might desire to check the actions of its agents, the officeholders, or to terminate the relation as applied to the existing personnel for grounds of misrepresentation. The law governing does not countenance such delays as are presented in this case.

The writ is made absolute and the respondent, Mike Peshek, is directed to certify instanter the sufficiency of these recall petitions and each of them to the city council of Oklahoma City.

CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. ANDREWS, J., absent.